1 | MICHAEL J. AGUIRRE, City Attorney
DANIEL F. BAMBERG, Deputy City Attorney
2 | California State Bar No. 60499
    Office of the City Attorney
3 |     1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
4 |     Telephone: (619) 533-5800
    Facsimile: (619) 533-5856

FILED

Exempt from fees per Gov't code 6103
To the benefit of the City of San Diego

08 MAR 11 PM 3:39

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:            DEPUTY

Attorneys for Defendants
City of San Diego, San Diego Police Department,
Officer Adam Sharki, Officer Scott Spillane, Chief William Lansdowne

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ORIGINAL

08 CV 456 W BLM

| | |
|---|---|
| PATRICIA NEALY as surviving heir of MAURICE WHITE deceased, | ) ) ) CIVIL CASE NO. |
| Plaintiffs, | ) ) NOTICE OF REMOVAL OF CIVIL ) ACTION |
| v. | ) ) [28 U.S.C. § 1446] |
| THE CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, OFFICER ADAM SHARKI, OFFICER SCOTT SPILLANE, CHIEF WILLIAM LANSDOWNE AND DOES 1-50, INCLUSIVE, | ) ) (San Diego Superior Court Case No: ) 37-2008-00077795-CU-PO-CTL) ) ) ) |
| Defendants. | ) ) ) |

TO:    PLAINTIFF AND HIS ATTORNEY OF RECORD:

    PLEASE TAKE NOTICE that Defendants, City of San Diego, San Diego Police Department, Officer Adam Sharki, Officer Scott Spillane, and Chief William Lansdowne, in the above-entitled action, have removed the action to the United States District Court for the Southern District of California.

### STATEMENT OF GROUNDS FOR REMOVAL

    Plaintiff alleges that a police officer of Defendant City of San Diego used excessive force on decedent in violation of his rights under state and federal law.

    The Third Cause of Action in the Complaint allege that the actions of the City and its police officers deprived decedent of his federal constitutional rights and that his action is brought under 42 U.S.C. section 1983.

1

1    This Court has original jurisdiction of the action pursuant to the provisions of 28 U.S.C.

2  section 1331, and the action may therefore be removed to this Court by Defendant City of San

3  Diego pursuant to the provisions of 28 U.S.C. sections 1441(b) and (c).

4    Copies of all process and pleadings served on Defendant City of San Diego in the above-

5  entitled action are attached hereto. This Notice of Removal is filed with this Court within thirty

6  days after Defendant City of San Diego was served with the Complaint filed in San Diego

7  Superior Court.

8

9  Dated: March _7TH_, 2008        MICHAEL J. AGUIRRE, City Attorney

10

11                                                 By   _D.F. Bamberg_

12                                                      Daniel F. Bamberg
                                                        Deputy City Attorney

13                                                 Attorneys for Defendants
                                                   City of San Diego, San Diego Police
14                                                 Department, Officer Adam Sharki, Officer
                                                   Scott Spillane, Chief William Lansdowne

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

CIVIL CASE NO.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** The City of San Diego, see attached.
*(AVISO AL DEMANDADO):* inclusive

RECEIVED
CITY CLERK'S OFFICE

08 FEB 14 PH12: 13

SAN DIEGO, CALIF.

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
CIVIL BUSINESS OFFICE 7
CENTRAL DIVISION

08 FEB 11 PM 4: 06

CLERK OF THE SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:** Patricia Nealy as surviving heir of
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Maurice White deceased

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una Carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la Corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | CASE NUMBER: 37-2008-00077795-CU-PO-CTL *(Número del Caso):* |

☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101 -3827
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH 1428 MONTECITO RD., RAMONA CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Martin Schmidt, Esq.
SAN DIEGO TRIAL GROUP
4275 Executive Square, Suite 200
La Jolla, CA 92154

Tel.: 858-550-2208
Fax: 858-550-2218

| | | | |
|---|---|---|---|
| DATE: FEB 11 2008 *(Fecha)* | CLERK OF THE SUPERIOR COURT | | |
| | Clerk, by T. Lucas *(Secretario)* | | , Deputy *(Adjunto)* |

COPY TO: CITY ATTORNEY

RISK MANAGEMENT
DATE FEB 1 4 2008
DCC NAME
RECEIVED BY: MAIL
OTC ✓ Carmina
RO
DEPT. NAME

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010))*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* THE CITY OF SAN DIEGO
    under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
    ☒ other *(specify):* A PUBLIC ENTITY
4. ☒ by personal delivery on *(date):* 2-14-08

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465.

American LegalNet, Inc.

SUM-200(A)

| SHORT TITLE: Patricia Nealy v. The City of San Diego et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff     ☒ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

San Diego Police Department; Officer Adam Sharki, Officer Scott Spillane; Chief William Lansdowne, and DOES 1-50, inclusive

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.

FILED
CIVIL BUSINESS OFFICE 7
CENTRAL DIVISION

08 FEB 11  PM 4: 06

CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  MARTIN SCHMIDT, ESQ. SBN: 171673
   SAN DIEGO TRIAL GROUP
2  4275 EXECUTIVE SQUARE
   SUITE 200
3  LA JOLLA, CA 92037
   TEL.: (858) 550-2208
4  FAX (858) 550-2218

5

6  Attorney for Plaintiff,
   PATRICIA NEALY

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN DIEGO

10

11 PATRICIA NEALY as surviving heir of      )  Case No. 37-2008-00077795-CU-PO-CTL
   MAURICE WHITE deceased,                  )
12                                          )  COMPLAINT FOR DAMAGES;
                           Plaintiff,       )
13                                          )  NEGLIGENCE CAUSING WRONGFUL;
      v.                                    )  DEATH;
14                                          )
   THE CITY OF SAN DIEGO, SAN DIEGO         )  NEGLIGENT FAILURE TO TRAIN
15 CITY POLICE DEPARTMENT, OFFICER          )  FAILURE TO TRAIN AND SUPERVISE;
   ADAM SHARKI, OFFICER SCOTT               )
16 SPILLANE, CHIEF WILLIAM                  )  CIVIL RIGHTS VIOLATIONS (42 U.S.C.
   LANSDOWNE AND DOES 1-50,                 )  § 1983)
17 INCLUSIVE                                )
                                            )
18                                          )
                            Defendants.
19

20                                    I.

21                               COMPLAINT

22 PLAINTIFF, PATRICIA NEALY, as surviving heir of MAURICE WHITE, deceased, brings

23 this action against THE CITY OF SAN DIEGO, OFFICER ADAM SHARKI, OFFICER

24 SCOTT SPILLANE, CHIEF WILLIAM LANSDOWNE AND DOES 1-50, and complains and

25 alleges as follows:

26 \\

27 \\

28 \\

## II.

## VENUE AND JURISDICTION

1.   Venue is proper in the Superior Court of the State of California, for the County of San Diego, in that the underlying acts, omissions, injuries and related facts and circumstances upon which the present action is based occurred in the City of San Diego, California, within the boundaries of the court. This court has jurisdiction over the present matter because, as a delineated within this complaint, the nature of the claims and amounts in controversy meet the requirements for jurisdiction in the Superior Court. This court is empowered with concurrent jurisdiction to entertain suits brought under the Federal Civil Rights Act, 42 USC §1983. See *Williams v. Horvath (1976)* 16 Cal. 3d 834, 837; 129 Cal. Rptr. 453.

## III.

## GENERAL ALLIGATIONS

2.   Plaintiff filed a timely claim pursuant to California Government Code §910 et. Seq. with Defendants on October 8, 2007. Written rejection of the claim was mailed by the City of San Diego on November 14, 2007.

3.   Plaintiff, PATRICIA NEALY, is the mother of the deceased MAURICE WHITE.

4.   Defendant THE CITY OF SAN DIEGO (hereinafter referred to as "CITY"), is a chartered subdivision of the State of California with the capacity to sue and be sued. Defendant CITY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the SAN DIEGO CITY POLICE DEPARTMENT (hereinafter referred to as "SDCPD") and its agents and employees. At all times relevant to the facts alleged herein, defendant CITY was responsible for assuring that the actions, omission, policies, procedures, practices and customs of the SDCPD and its employees and agents complied with the laws and the Constitutions of the United States and the State of California.

5.   Defendant, CHIEF WILLIAM LANSDOWNE (hereinafter referred to as "LANSDOWNE") is and was at all times mentioned herein, and on April 18, 2007, the CHIEF of the San Diego City Police Department. He was charged by law and was responsible with the administration of defendant SDCPD and the supervision, training, and hiring of persons, agents

2

COMPLAINT FOR DAMAGES

1    and employees working within said SDCPD, including deputies, nurses, doctors, physician

2    assistants, medical staff, mental health staff and DOES 1 through 50, inclusive. LANSDOWNE

3    is sued in his official capacity.

4    6.    Plaintiff is informed and believes and thereon alleges that Defendants sued herein as

5    Does 1 through 100, inclusive are deputy officers, agents or employees of Defendants CITY and

6    SDCPD and were at all relevant times acting in the course and scope of their employment and

7    agency. Plaintiff allege that each of the Defendants named as "DOE" was in some manner

8    responsible for the acts and omissions alleged herein, and Plaintiff will ask leave of this Court to

9    amend the Complaint to allege such name and responsibility when that information is

10   ascertained.

11                                          IV.

12                        PRELIMINARY ALLEGATIONS

13   7.    The CITY OF SAN DIEGO is a public entity and is sued under state law, the California

14   Tort Claims Act, Government Code for the acts and omissions of public employees DOES 1

15   through 50, and each of them, who at the time they caused Plaintiff's and decedent MAURICE

16   WHITE'S injuries, damages and death were duly appointed, qualifies and action officers,

17   employees, and or agents of CITY and SDCPD and action within the course and scope of their

18   employment and or agency.

19   8.    This action is also brought under Title 42 U.S.C. § 1983, and on the Fourth, and

20   Fourteenth Amendments of the United States Constitution and pursuant to the general laws of the

21   State of California. Plaintiffs also allege that the conduct of each defendant deprived MAURICE

22   WHITE of his constitutional right to life, and to his constitutional right to medical and mental

23   health care for his serious medical and mental health needs, custodial care and supervision and

24   caused MAURICE WHITE to suffer grievous harm and physical injuries prior to his death, and

25   ultimately caused his death while he was located at the public street of (Lincoln Avenue in the

26   City if San Diego.

27   9.    At all times relevant to the facts alleged herein, Defendants, including DOES 1 through

28   10, were duly appointed, qualified and acting officers, employees and/or agents of SDCPD,

1  employed as such by Defendant CITY, and action within the course and scope of their

2  employment and/or agency and under color of state law. Each of the Defendants caused, and is

3  responsible, for the unlawful conduct and resulting by, inter alia, personally participating in the

4  conduct, or action jointly and in concert with others who did so; by authorizing, acquiescing or

5  failing to take action to prevent the unlawful conduct by promulgating policies and procedures

6  pursuant to which the unlawful conduct occurred by failing and refusing, with deliberate

7  indifference to Plaintiff's rights, to initiate and maintain adequate training, supervision and

8  staffing; by failing to maintain proper and adequate policies, procedures and protocols; and by

9  ratifying the unlawful conduct performed by agents and officers, deputies, medical providers and

10  employees under their direction and control.

11      10.  Whenever and wherever reference is made in this Complaint to any act by Defendants,

12  such allegations and references shall also be deemed to mean the acts and failures to act of each

13  Defendants individually, jointly or severally.

14  V.

15  FACTS

16      11.  On April 18, 2007, San Diego Police Officers, ADAM SHARKI and SCOTT

17  SPILLANE, were driving in a patrol car eastbound on University Avenue when they saw a black

18  male running out the F Street Book Store, located at 2004 University Avenue, in what they

19  believed to be in a suspicious manner.

20      12.  OFFICERS SHARKI and SPILLANE made a u-turn on University Avenue and then

21  made a right turn onto Florida Street where they saw a green Chevy turn on its lights and drive

22  northbound on Florida Street and then make a right turn onto Lincoln Avenue which is a dead

23  end street.

24      13.  The green Chevy stopped on Lincoln Avenue and Officers SHARKI and SPILLANE

25  turned on the flood lights, got out of the car and approached the vehicle.

26      14.  OFFICER ADAM SHARKI approached the passenger side of the green Chevy and

27  OFFICER SCOTT SPILLANE approached the drivers' side. The sole occupant of the green

28  Chevy was decedent MAURICE WHITE who was seated in the driver's seat.

15. During an investigation OFFICER SPILLANE and SHARKI discharged their firearms into the head and body of MAURICE WHITE causing his death.

16. At the time of the shooting decedent, MAURICE WHITE, was not engaged in any assaultive behavior toward SAN DIEGO POLICE OFFICERS SPILLANE and SHARKI or any other person or persons.

17. The SAN DIEGO POLICE OFFICERS, SPILLANE and SHARKI, shooting of decedent MAURICE WHITE was without legal cause, was entirely unjustified by any actions of decedent, and constituted an unreasonable and excessive use of force.

VI.

## FIRST CAUSE OF ACTION BY PLAINTIFFS AGAINST ALL DEFENDANTS FOR NEGLIGENCE

18. Plaintiff hereby repeats, realleges and incorporates, as though fully set forth herein, each allegation of paragraphs 1 through 17 above.

19. While MAURICE WHITE was under investigation by Defendants OFFICER SPILLANE and OFFICER SHARKI, and each of them, and DOES 1-10, and acting within the scope and course of their employment with Defendants' CITY, SDPD negligently, carelessly, and unskillfully discharged their fire arms into decedent's head and body resulting in his death.

20. Defendants CITY and SDPD, and each of them, failed properly to supervise and train their subordinates and to maintain proper supervision of said subordinates. As a direct and legal result of the aforeseaid negligence, carelessness, and unskillfullness of Defendants, and each of them MAURICE WHITE was killed.

21. As a further direct and legal result of Defendants' actions, Plaintiff PATRICIA NEALY suffered loss of society, comfort, companionship, solace, assistance, love, affection, financial support, and funeral expenses, and suffer and continues to suffer these damages.

\\
\\
\\
\\

VII.

SECOND CAUSE OF ACTION AGAINST DEFENDANTS CITY. SDPD. CHIEF LANDSDOWNE AND DOES 1 - 50 FOR NEGLIGENT FAILURE TO TRAIN AND SUPVERVISE.

22. Plaintiff restates and reiterates paragraphs 1-21, and incorporates them herein by reference as fully set forth herein.

23. Plaintiffs is informed and believes, and thereon alleges that Defendant and DOES 1 through 50, each had a history and propensity for acts of the nature complained herein, and manifest in such propensity prior to and during their employment and/or agency with Defendants CITY, SDPD, LANSDOWNE, and DOES 1 through 50.

24. Plaintiff is further informed and believes, and theron alleges that Defendants CITY, SDPD, LANSDOWNE, and DOES 1-50, knew or in the exercise of reasonable care should have known, of such prior history and propensity at the times such individuals were hired and/or during the time of their employment. These Defendants disregarded this knowledge and/or failure to actively investigates and discover and correct such facts caused the death of Decedent.

25. Plaintiffs is informed and believes, and thereon alleges that prior to the incident allege herein, OFFICERS SPILLANE and SHARKI employed and appointed by City, SDPD, and LANSDOWNE prior to the commission and acts herein, and DOES 1-50, acting under the color of their authority as Officers of SDPD and in the course of the scope and employment and such, committed similar acts of deliberate indifference to legal rights of Decedent and Plaintiff. Plaintiff is further informed and believes, and thereon alleges, that these Defendants, had a duty to investigate their subordinates, and to instruct their subordinates, to prevent similar acts to other persons, and have failed to take proper steps to train, supervise, investigate, or instruct deputies and other law enforcement officials, and as a result Plaintiff was harmed by failure to train, supervise, investigate or instruct.

26. At all times herein mentioned, and prior thereto, Defendants CITY, SDPD, LANSDOWNE, and DOES 1-50 had the duty:

\\

      a.     To train, supervise, and instruct deputies and other law enforcement agents to ensure that they respected and did not violate state and federal constitutional and state and federal statutory rights of arrestees and prisoners;

      b.     To objectively investigate:

          1.   Incidents of arrestees' death or injuries from the use of weapons, including fire arms.

          2.   Incidents of excessive force on or against arrestees or attempts to affect an arrest;

          3.   Incidents of death or injuries in the arrest or attempted arrest of an arrestee;

          4.   Incidents of death or injuries in the attempted investigatory stop of a person.

      c.     To discipline and to establish procedures to correct past violations, and to prevent future occurrences of violations of state and federal constitutional rights to suspects and arrestees, by not condoning, ratifying, and/or encouraging the violation of Plaintiffs' and other persons and of arrestees and suspects state and federal constitutional rights.

   27.  At all times herein mentioned, and prior thereto, Defendants CITY, SDPD, LANSDOWNE, and DOES 1-50, breached said duties by:

      a.     Failing to train, supervise and instruct deputies on the violation of decedent's and other arrestees' constitutional rights;

      b.   Failing to objectively investigate:

          1.   Incidents of arrestees' death or injuries from the use of weapons, including fire arms.

          2.   Incidents of excessive force of arrestee or attempts to affect an arrest;

          3.   Incidents of death or injuries in the arrest or attempted arrest of an arrestee;

          4.   Incidents of death or injuries in the attempted investigatory stop of a person.

      c.     Failure to comply with the California statutory guidelines and regulations enacted for the protection of persons held in custodial settings and or investigatory stops;

      d.     Failing to discipline and to establish procedures to correct past violations, and to prevent future occurrences of violations of state and federal constitutional rights to suspects and

1  arrestees by not condoning, ratifying, and/or encouraging the violations of Plaintiff's and of

2  arrestees and suspects state and federal constitutional rights.

3      28. As a proximate cause of the conduct of Defendants CITY, SDPD, OFFICER SHARKI,

4  OFFICER SPILLANE, LANSDOWNE, and DOES 1-50, as described above, Plaintiff was

5  damaged and injured.

6  VIII.

7  THIRD CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. §1983 BY PLAINTIFF

8  AGAINST DEFENDANTS AND DOES.

9      29. Plaintiff restates and re-interates paragraphs 1-29, and incorporates them by reference

10  herein as though fully set forth.

11      30. As set forth above, Plaintiff, PATRICIA NEALY, was subjected to deprivation of right

12  by Defendants CITY, SDPD, LANSDOWNE, OFFICER SHARKI, OFFICER SPILLANE and

13  DOES 1-50, acting or pretending to act under color of law and statues, or ordinances,

14  regulations, customs and usages of the Law of the United States, State of California and of the

15  County of San Diego which rights include, but are not limited to, privileges and immunities

16  secured to Plaintiff by the constitution and laws of the United States. By reason of the

17  aforementioned acts, there individual Defendants and DOES 1-50, have violated the

18  constitutional rights and liberty interests of Decedent and Plaintiff, PATRICA NEALY, which

19  are protected under the Fourteenth Amendment's prohibition against depriving a person of a

20  right to family relationships without due process of law.

21      31. Defendant DOES 1-50 used excessive and unreasonable force on the person of decedent

22  MAURICE WHITE causing him injury, pain and suffering prior to his death in violation of his

23  Fourth Amendment rights to be free from unreasonable force.

24      32. Defendants CITY, SDPD, LANSDOWNE, OFFICER SHARKI, OFFICER SPILLANE

25  and each individual Doe Defendant's acted recklessly or with callous and deliberate indifference

26  to decedent MAURICE WHITE and Plaintiff's rights under the United States Constitution.

27      33. By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to and demands an

28  award of reasonable attorney's fees and costs according to proof.

1    WHEREFOR, Plaintiff prays for the relief as follows:

2       1.   General damages and according to proof;

3       2.   For compensatory and punitive damages according to proof;

4       3.   For funeral and burial expenses according to proof;

5       4.   Or other losses according to proof;

6       5.   For cost of suit;

7       6.   For temporary and permanent injunction prohibiting Defendants, and each of them from

8    effecting an arrest in any situation where the use of deadly force is unreasonable.

9       7.   For such other relief as the court deems proper.

10

11                          PLAINTIFF DEMAND FOR JURY TRIAL

12    Plaintiff hereby demands a trial by jury through their counsel of record.

13

14                                             Respectfully Submitted,

15    DATED: 2/08/08                            SAN DIEGO TRIAL GROUP

16

17                                             MARTIN SCHMIDT, ESQ.
                                               Attorney for Plaintiff,
18                                             PATRICIA NEALY

19

20

21

22

23

24

25

26

27

28

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 685-6022 | |

| PLAINTIFF(S) / PETITIONER(S):    Patricia Nealy as surviving heir of Maurice White deceased . |
|---|

| DEFENDANT(S) / RESPONDENT(S):  The City of San Diego et.al. |
|---|

| PATRICIA NEALY AS SURVIVING HEIR OF MAURICE WHITE DECEASED VS. THE CITY OF SAN DIEGO | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2008-00077795-CU-PO-CTL |

Judge: Charles R. Hayes                                    Department: C-66

COMPLAINT/PETITION FILED: 02/11/2008

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

NOTICE OF CASE ASSIGNMENT

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE:  San Diego, CA  92101-3827 | |
| BRANCH NAME:    Central | |

PLAINTIFF(S):    Patricia Nealy as surviving heir of Maurice White deceased

DEFENDANT(S):  The City of San Diego et.al.

SHORT TITLE:    PATRICIA NEALY AS SURVIVING HEIR OF MAURICE WHITE DECEASED VS. THE CITY OF SAN DIEGO

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER:<br>37-2008-00077795-CU-PO-CTL |
|---|---|

Judge: Charles R. Hayes                                                Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐   Court-Referred Mediation Program                 ☐   Court-Ordered Nonbinding Arbitration

☐   Private Neutral Evaluation                            ☐   Court-Ordered Binding Arbitration (Stipulated)

☐   Private Mini-Trial                                        ☐   Private Reference to General Referee

☐   Private Summary Jury Trial                            ☐   Private Reference to Judge

☐   Private Settlement Conference with Private Neutral   ☐   Private Binding Arbitration

☐   Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____              Date: _____

_____              _____
Name of Plaintiff                                         Name of Defendant

_____              _____
Signature                                                 Signature

_____              _____
Name of Plaintiff's Attorney                           Name of Defendant's Attorney

_____              _____
Signature                                                 Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated:  02/11/2008

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)            STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION            Page: 1

3

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00077795-CU-PO-CTL     CASE TITLE: Patricia Nealy as surviving heir of Maurice White deceased

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

### ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

3) SETTLEMENT CONFERENCES: The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

4) OTHER VOLUNTARY ADR: Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

ADDITIONAL ADR INFORMATION: For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Martin Schmidt, Esq. SBN: 171673<br>SAN DIEGO TRIAL GROUP<br>4275 Executive Square, Suite 200<br>La Jolla, CA 92037<br>TELEPHONE NO.: 858-550-2208    FAX NO.: 858-550-2218<br>ATTORNEY FOR (Name): Plaintiff, Patricia Nealy | FILED<br>CIVIL BUSINESS OFFICE 7<br>CENTRAL DIVISION<br><br>08 FEB 11 PM 4: 06<br><br>CLERK SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego |
|---|
| STREET ADDRESS: 330 W. Broadway |
| MAILING ADDRESS: 330 W. Broadway |
| CITY AND ZIP CODE: San Diego, CA 92101 |
| BRANCH NAME: Hall of Justice-Civil |

| CASE NAME: Patricia Nealy v. The City of San Diego et al. |
|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 37-2008-00077795-CU-PO-CTL |
|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☒ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403)
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action (specify): Three
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:

Martin Schmidt, Esq.
_____
(TYPE OR PRINT NAME)    ►    _____
                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.402, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA FILED

PATRICIA NEAL as surviving heir of
MAURICE WHITE, deceased
Plaintiff,

v.

CITY OF SAN DIEGO, et al.,
Defendants.

Case No.: '08 MAR 1 PM 3:29

**'08 CV 456 W BLM**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**DECLARATION OF SERVICE**

BY _____ DEPUTY

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that I served the individuals on the service list attached hereto the following documents: **CIVIL CASE COVER SHEET, NOTICE OF REMOVAL OF CIVIL ACTION [28 U.S.C. § 1446],** in the following manner:  (Check one)

1)___   By personally serving the individual named by personally delivering the copies to the offices of the addressee.

Time of delivery: _____ a.m./p.m.

2)___   By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing copies (first class mail, postage prepaid) to the person served at the place where the copies were left.

3)___   By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing copies (first class mail, postage prepaid) to the person served at the place where the copies were left.

4) XX  By placing a copy in a sealed envelope and placing it for collection and mailing with the United States Postal Service this same day, at my address shown above, following ordinary business practices.

Executed: March 11, 2008, at San Diego, California.

_____
SHELLEY CARTER

**SERVICE LIST:**
Martin Schmidt
San Diego Trial Group
4275 Executive Square, Suite 200
La Jolla, CA 92037
(858) 550-2208
(858) 550-2218 fax
*Attorney for Plaintiff*

1

07cv1086 W (LSP)

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 148667     — SH
* * C O P Y * *
March 11. 2008
15:44:36

Civ Fil Non-Pris
USAO #.: 08CV0456
Judge..: THOMAS J WHELAN
Amount.:
Check#.: BC7533646          $350.00 CK


Total-> $350.00


FROM: NEALY V. CITY OF SAN DIEGO

**JS 44** (Rev. 11/04) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Patricia Nealy as surviving heir of Maurice White, deceased | City of San Diego, San Diego Police Department, Adam Sharki, Scott Spillane, and William Lansdowne |

| (b) County of Residence of First Listed Plaintiff San Diego (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed San Diego (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
|---|---|

FILED
'08 MAR 11 PM 3: 38

'08 CV 456 BLM

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Martin Schmidt<br>San Diego Trial Group<br>4275 Executive Square, Suite 200<br>La Jolla, CA 92037<br>(858) 550-2208 | Daniel F. Bamberg, Deputy City Attorney<br>Office of the City Attorney<br>1200 Third Avenue, Suite 1100<br>San Diego, CA 92101<br>(619) 533-5800 |

ORIGINAL

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>**PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42 USC section 1983

Brief description of cause: Plaintiff alleges civil rights violations.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ ___ CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ___ DOCKET NUMBER ___

DATE March 7, 2008  SIGNATURE OF ATTORNEY OF RECORD _D.F. Bamberg_

FOR OFFICE USE ONLY

RECEIPT # 148007  AMOUNT $350  APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

SA 3/11/08

American LegalNet, Inc. www.USCourtForms.com