MICHAEL J. AGUIRRE, City Attorney
DANIEL F. BAMBERG, Deputy City Attorney
California State Bar No. 60499
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone: (619) 533-5800
    Facsimile: (619) 533-5856

Exempt from fees per Gov't code 6103
To the benefit of the City of San Diego

Attorneys for Defendants
City of San Diego, San Diego Police Department,
Officer Adam Sharki, Officer Scott Spillane, Chief William Lansdowne

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA NEALY as surviving heir of MAURICE WHITE deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, OFFICER ADAM SHARKI, OFFICER SCOTT SPILLANE, CHIEF WILLIAM LANSDOWNE AND DOES 1-50, INCLUSIVE,<br><br>    Defendants. | CASE NO. 08cv456 W BLM<br><br>**DEFENDANTS, CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, OFFICER ADAM SHARKI, OFFICER SCOTT SPILLANE, CHIEF WILLIAM LANSDOWNE'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>(San Diego Superior Court Case No: 37-2008-00077795-CU-PO-CTL) |

Defendants, City of San Diego, San Diego Police Department, Officer Adam Sharki, Officer Scott Spillane, and Chief William Lansdowne, severing themselves from any other party, answer Plaintiff's Complaint for Damages, as follows:

**II**

**VENUE AND JURISICTION**

1. These answering Defendants have insufficient information to admit or deny the allegations contained in Paragraph 1, and therefore, deny the same.

**III**

**GENERAL ALLEGATIONS**

2  These answering Defendants admit the allegations contained in Paragraphs 2, 4, and 5.

3.   These answering Defendants have insufficient information to admit or deny the allegations contained in Paragraphs 3 and 6, and therefore, deny the same.

## IV

## PRELIMINARY ALLEGATIONS

4.   These answering Defendants deny the allegations contained in Paragraphs 7, 8, 9, and 10.

## V

## FACTS

5.   These answering Defendants admit the allegations contained in Paragraphs 11, and 14.

6.   These answering Defendants deny the allegations contained in Paragraphs 12, 13, 15, 16, and 17.

## VI

## FIRST CAUSE OF ACTION BY PLAINTIFFS AGAINST ALL DEFENDANTS FOR NEGLIGENCE

7.   In answer to Paragraph 18, these answering Defendants incorporate by reference each and every admission, denial and allegation of their answer to all of Paragraphs 1 through 17 of Plaintiff's Complaint.

8.   These answering Defendants deny the allegations contained in Paragraphs 19, 20, and 21.

## VII

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS CITY, SDPD, CHIEF LANSDOWNE AND DOES 1-50 FOR NEGLIGENT FAILURE TO TRAIN AND SUPERVISE

9.   In answer to Paragraph 22, these answering Defendants incorporate by reference each and every admission, denial and allegation of their answer to all of Paragraphs 1 through 21 of Plaintiff's Complaint.

///

10. These answering Defendants deny the allegations contained in Paragraphs 23, 24, 25, 26, 27, and 28.

## VIII

## THIRD CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. §1983 BY PLAINTIFF AGAINST DEFENDANTS AND DOES

11. In answer to Paragraph 29, these answering Defendants incorporate by reference each and every admission, denial and allegation of their answer to all of Paragraphs 1 through 28 of Plaintiff's' Complaint.

12. These answering Defendants deny the allegations contained in Paragraphs 30, 31, 32, and 33.

## AFFIRMATIVE DEFENSES

As separate, distinct and affirmative defenses to the Complaint on file herein, and to each cause of action, these answering defendants allege as follows:

### I

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against these answering defendants.

### II

Defendant, City of San Diego, its agents and employees, and the Defendant police officers acted in good faith and with a reasonable belief that his conduct was lawful and necessary.

### III

Defendant, City of San Diego, is immune from liability in that a public entity is not liable for an injury arising out of its acts or omissions or of a public employee, in the absence of a statute declaring such liability.

### IV

Defendant, City of San Diego, is not liable for an injury arising out of an act or omission of its employees, where the subject employee is immune from liability.

/ / /

/ / /

### V

Defendant, City of San Diego, and its agents and employees are not liable for punitive damages.

### VI

Defendant, City of San Diego, its agents and employees, and the Defendant police officers are not liable for injuries resulting from acts or omissions which were an exercise of discretion in the absence of a statute declaring such liability.

### VII

Defendant, City of San Diego, its agents and employees, and the Defendant police officers are not liable while acting within the scope of their duties for injuries resulting from judicial or administrative proceedings.

### VIII

Defendant, City of San Diego, its agents and employees, and the Defendant police officers are not liable for the execution or enforcement of the California Penal Code where due care is exercised.

### IX

Defendant, City of San Diego, its agents and employees, and the Defendant police officers are not liable for violation of the decedent' civil rights in that the alleged wrongful acts were not under color of any statute, ordinance, regulation, custom or usage of the City of San Diego.

### X

At the time of the contact, the Defendant police officers attempted to persuade the plaintiff to follow directions and in doing so, only used force necessary for the occasion.

### XI

Decedent himself was negligent in and about the matters alleged in the Complaint and said carelessness on his own part proximately contributed to the happening of the alleged incident, injuries and damages complained of, if any such exist.

/ / /

/ / /

**XII**

Defendant, City of San Diego, its agents and employees, and the Defendant police officers were at all times alleged in the Complaint performing duties required by law under conditions required by law.

**XIII**

Any and all acts of the defendant, City of San Diego, its agents and employees, and the Defendant police officers at or near the time alleged in the Complaint were reasonable and said defendants had reasonable cause to act in the manner they did.

**XIV**

At the time of the initial contact, the Defendant police officers were acting within the scope of their employment and had probable cause to believe the plaintiff was engaging in, or had just engaged in, a prohibited activity. During the contact, the Defendant police officers were acting within the scope of their employment and had probable cause to believe that said plaintiff had committed a crime.

WHEREFORE, these answering defendants pray judgment as follows:

1. Plaintiff take nothing by their Complaint;

2. Defendants receive their costs of suit incurred herein; and

3. Such other relief as the court deems proper.

Dated: March 12 , 2008               MICHAEL J. AGUIRRE, City Attorney


                                     By   /s/ Daniel F. Bamberg
                                          Daniel F. Bamberg
                                          Deputy City Attorney

                                     Attorneys for Defendants
                                     City of San Diego, San Diego Police
                                     Department, Officer Adam Sharki, Officer
                                     Scott Spillane, Chief William Lansdowne