UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA NEALY, as surviving heir of MAURICE WHITE, deceased,<br><br>                                Plaintiff,<br><br>  vs.<br><br>THE CITY OF SAN DIEGO, et al.,<br><br>                              Defendants. | CASE NO. 08-CV-0456 W (BLM)<br><br>**ORDER GRANTING MOTION TO BE RELIEVED OF COUNSEL (Doc. No. 14)** |

      On March 11, 2008 Defendants City of San Diego et al. ("Defendants") removed Plaintiff Patricia Nealy's ("Nealy") negligence and civil rights action to this Court. (Doc. No. 1.) Pending before the Court is law firm San Diego Trial Group's ("SDTG") and law firm Hoey & Morgan's ("Hoey") motion to be relieved as Plaintiff Nealy's counsel of record. (Doc. No. 14.) The Court considers the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d)(1). For the following reasons, the Court **GRANTS** SDTG's and Hoey's motion to be relieved as Nealy's counsel of record. (Doc. No. 14.)

///
///
///
///
///

I.    BACKGROUND

On March 11, 2008 Defendants removed Nealy's negligence and civil rights action to this Court. (Doc. No. 1.) Nealy was originally represented by SDTG. On April 22, 2008 Hoey and SDTG filed a notice of association of counsel that added Hoey as an attorney on the case. (Doc. No. 5.) On April 28, 2008 Magistrate Judge Major held an early neutral evaluation conference where Nealy was represented by Hoey. (Doc. No. 7.) On May 28, 2008 Hoey again represented Nealy at Magistrate Judge Major's case management conference. (Doc. No. 9.)

Nothing further appears on the docket until August 1, 2008, when SDTG and Hoey moved to withdraw as Nealy's attorneys of record. (Doc. No. 10.) SDTG and Hoey state that continued representation will result in an unreasonable financial burden and that Nealy has become unresponsive to their correspondence. (*Mot.* 3.) SDTG and Hoey further represent that they provided Nealy with all pertinent dates in this matter, have taken reasonable steps to avoid prejudicing Nealy's rights, and have given Nealy substantial time to seek new counsel. (*Id.* 4.) SDTG and Hoey have served a copy of their motion on Nealy, which clearly states in non-technical language the consequences of granting the motion and suggests steps to avoid future prejudice. (*Id.* 2; *Hoey Decl.* ¶ 4.) None of the opposing parties appearing in this suit have opposed this motion. Nor has Plaintiff Patricia Nealy opposed the motion or voiced an opinion in any way.

II.   LEGAL STANDARD & ANALYSIS

An attorney may not withdraw as counsel except by leave of court. Darby v. City of Torrance, 810 F. Supp. 276, 276 (C.D. Cal. 1992). The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court. LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998).

Some factors that courts consider when ruling upon motions to withdraw as counsel are: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may

1  cause to other litigants; (3) the harm withdrawal might cause to the administration of
2  justice; and (4) the degree to which withdrawal will delay the resolution of the case.
3  Liang v. Cal-Bay Int'l, Inc., 2007 U.S. Dist. LEXIS 81660 at *2 (S.D. Cal. Oct. 24,
4  2007).

5       Federal courts generally look to applicable state rules of professional conduct
6  when deciding whether to excuse counsel from further representation in a particular
7  case. 12 Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE
8  TRIAL, 12:192 (The Rutter Group 2007). In California, an attorney may request
9  permission to withdraw if the client's conduct renders it unreasonably difficult for the
10 attorney to carry out the employment effectively. Cal. R. Prof. C. 3-700(C)(1)(d). In
11 such cases, the attorney must take reasonable steps to avoid reasonably foreseeable
12 prejudice to the client's rights, including giving due notice to the client, allowing time
13 for employment of other counsel, and providing the client with all client papers and
14 property. Cal. R. Proc. C. 3-700(A)(2); Ramirez v. Sturdevant, 26 Cal. Rptr. 2d 554,
15 559 (Cal. Ct. App. 1994).

16      SDTG and Hoey have shown good cause to be relieved as counsel of record.
17 Because Nealy has been unresponsive and further employment will cause the law firms
18 to undertake an unreasonable financial burden, it is impracticable for SDTG and Hoey
19 to continue their representation. No other party has opposed SDTG and Hoey's request
20 or voiced any opinion as to how they might be prejudiced by SDTG and Hoey's
21 withdrawal. As there are no pending motions or imminent responsibilities, SDTG and
22 Hoey's withdrawal will not significantly undermine Nealy's ongoing prosecution. Nealy
23 has been aware of SDTG and Hoey's motion since at least August 1, 2008 and the law
24 firms have apprised Nealy of all upcoming critical dates and deadlines. Currently, there
25 is no trial date set; any delay or disruption to the administration of justice will be slight.
26 Finally, the Court notes that SDTG and Hoey have properly served their client with
27 notice pursuant to the Local Rules.
28 ///

### III. CONCLUSION

For the aforementioned reasons, the Court finds good cause to allow the SDTG and Hoey law firms to withdraw from the representation of Plaintiff Patricia Nealy. Accordingly, the Court **GRANTS** SDTG and Hoey's motion to withdraw as counsel, effective immediately. (Doc. No. 14.)

**IT IS SO ORDERED.**

DATED: September 5, 2008

_____
Hon. Thomas J. Whelan
United States District Judge